[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13211

_____

D. C. Docket No. 04-20065-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEEBERT RAMCHARAN,

Defendant-Appellant,

_____

No. 08-13679

_____

D. C. Docket No. 04-20065-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT DONOVAN WILLIAMS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 1, 2009)

Before CARNES and HULL, Circuit Judges, and LAWSON,[*] District Judge.

PER CURIAM:

**I.**

Appellants-Defendants Leebert Ramcharan ("Ramcharan") and Everett Donovan Williams ("Williams"), along with 12 other coconspirator defendants, were indicted for conspiracy to import 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine into the United States, beginning in or about 1998 and continuing until approximately January 30, 2004, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) & 963 (Count 1); conspiracy to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, beginning in or about February 1998 and continuing until January 30, 2004, in violation of 21 U.S.C. §§ 841(a)(1), 846

[*]Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

& 846(b)(1)(A)(ii) (Count 2); and knowingly and intentionally attempting to import 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine into the United States, on or about August 9, 2003, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B) & 963 (Count 3).  The indictment also contained a forfeiture count.  Appellants-Defendants Ramcharan and Williams are Jamaican nationals who were extradited from Jamaica to the United States in 2007.  The district court granted the government's motion to dismiss Count 3 of the indictment as to Defendants Ramcharan and Williams.

Defendants Ramcharan and Williams proceeded to trial on Counts 1 and 2.  The government's witnesses included three coconspirator defendants (Gabriel Zuñiga, Cesar Augusto Mantilla Chavez, and Rafael Enrique Pereira), who had earlier pled guilty, five unindicted coconspirators, and police officers from Jamaica and the Bahamas.  The government introduced evidence of wiretaps conducted by the Colombian and Bahamian police, travel records, and seized drugs and money.  After a lengthy trial, Defendants Ramcharan and Williams were convicted of Counts 1 and 2.  The district court sentenced Defendant Ramcharan to 420 months' imprisonment and five years' supervised release, and imposed a $100,000 fine and an assessment of $200.  The district court sentenced Defendant Williams to 324 months' imprisonment and five years' supervised release, and imposed an

assessment of $200.

## II.

Defendants Ramcharan and Williams present numerous issues for appellate review as to their convictions. Ramcharan and Williams do not challenge their sentences or the advisory guidelines calculation as to their sentences. The issues presented for appellate review are:

Ramcharan and Williams

1.    Whether the district court erred in denying the defense's request for a jury instruction on multiple conspiracies;

2.    Whether the district court erred in giving a jury instruction on aiding and abetting;

3.    Whether the district court abused its discretion in admitting evidence of certain uncharged conduct;

4.    Whether the district court erred by failing to conduct a sufficient inquiry of the jury after the jury requested to be referred to by number and not by name, even though each juror stated unequivocally to the court that he or she either could keep an open mind or had not prejudged the case;

5.    Whether the district court erred in admitting evidence of foreign

wiretaps obtained from the Colombian National Police and the Royal Bahamian Police Force against Defendants Ramcharan and Williams, who were nonresident aliens;

6. Whether the district court committed reversible error in refusing to grant a mistrial where an incarcerated witness spontaneously testified that he saw Ramcharan and Williams in the cell next to him while he was being transported to the courthouse, and where the district court gave an immediate curative instruction to disregard that testimony;

7. Whether the district court abused its discretion in admitting a coconspirator's testimony about the identity of voices, the meaning of various coded words, and incidents discussed in certain recorded telephone conversations;

8. Whether the district court committed reversible error in admitting certain hearsay statements.

Williams

1. Whether the evidence was sufficient to support Defendant Williams' conviction.

**III.**

After carefully reviewing the massive record in this case, reading the parties'

briefs, and having the benefit of oral argument, we affirm Defendants Ramcharan's and Williams' convictions on Counts 1 and 2.

**AFFIRMED**.